**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**ANTONIO RIVERA ZENO,**

    **Plaintiff,**

v.                                                                        Case No.  8:06-cv-671-T-TBM

**MICHAEL J. ASTRUE,**[1]
**Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                       /

**O R D E R**

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments.  For the reasons set out herein, the decision is reversed and remanded.

I.

Plaintiff was thirty-six years of age at the time of his administrative hearing in April 2005.  He stands 5', 11" tall and weighed 207 pounds.  Plaintiff has a high school education.  His past relevant work was as a forklift operator, construction worker, and agricultural worker.  Plaintiff applied for disability benefits and Supplemental Security Income payments in May 2003, alleging disability as of January 1, 2003, by reason of headaches, an injury to

---

[1] Michael J. Astrue became Commissioner of Social Security on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this suit.

his left orbit medial wall (eye) and a broken nose, depression, and vision problems. The Plaintiff's application were denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing by video-conference before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in his own behalf with the assistance of an English-Spanish language interpreter. Plaintiff's fiancé also testified. Additionally, a vocational expert was called by the ALJ.

In essence, Plaintiff testified that he has been unable to work since an accident on January 1, 2003, which left him with injuries to his head and resultant problems with painful headaches, blurred vision, a nervous condition, depression, high blood pressure, and hearing voices. When questioned about medical reports suggesting his vision had improved, Plaintiff indicated that he can see all right, but when he "forces" his vision, it becomes blurry. He has never worn glasses. Plaintiff was educated in Puerto Rico. He can read slowly in Spanish but cannot read in English. Plaintiff complained of constant painful headaches, for which he takes medication. Plaintiff testified that when he suffers headaches, he loses his eyesight and is unable to sleep. Plaintiff also takes medication for depression, high blood pressure, the nervous condition, and the pain. As a result of his headaches and depression, there are some days that the Plaintiff must stay at home. When he is outside the home, he becomes anxious and nervous when dealing with people. He also testified that he hears voices and sees "passing images" almost everyday. He lives with his wife and children. See Plaintiff's testimony (R. 299-304).

2

Iraida Zayas testified that she has been with the Plaintiff for thirteen years. Since Plaintiff's accident, he has not been the same person. He is like a little kid, nervous, and depressed. She testified that Plaintiff does not leave the house anymore and just sits around and talks with [imaginery] people. Ms. Zayas testified that Plaintiff takes his medications as directed everyday and attends therapy twice a month but still has problems. Plaintiff is supposed to go to therapy once a week but her job prevents her from taking him. She indicated that despite the medications, Plaintiff's headaches come and go, "the people" bother him everyday, and he does not sleep. However, if he does not take his medication, Plaintiff becomes hyper, mad, and a totally different person. The medications calm him, but he still will not do anything around the house. He is unable to drive; the last time he drove, he was in an accident. Ms. Zayas testified further that Plaintiff is able to bath himself, but she bathes him and helps him eat. She works eight-hour days, during which time a babysitter cares for Plaintiff and their two children. For about a year and a half, she has been unable to take Plaintiff into public places. She even had to prepare him to come to the hearing because he thought people were going to hurt him. His last attempt to work at a grocery store also failed because he was afraid people were going to lock him up in the freezer. See Ms. Zayas's testimony (R. 304-11).

The ALJ also took testimony from Joyce Cortwright, a vocational expert ("VE"), who testified upon an assumption of a person with Plaintiff's age, education, and work history with no exertional limitations but limited to performing simple, routine, one to two-step tasks in an environment where contact with the public and co-workers would be at most occasional, and with no ability to read or speak in the English language. Upon this assumption, the VE

3

opined that Plaintiff could not perform his past skilled or semi-skilled jobs, but he could perform jobs in bench assembly, such as small product assembly; wrap and package occupations, such as poly pack and heat seal; and machine tending without loading and off bearing jobs, such as injection molding machine tending. Upon the additional assumption of a person of Plaintiff's age, education, and work background, with marked deficiencies in concentration, persistence, and pace, the VE opined that no work would be available for Plaintiff. She further opined that no work would exist if Plaintiff's and Ms. Zayas's testimony concerning Plaintiff's mental functioning was credited. See VE's testimony (R. 313-15).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of May 17, 2005, the ALJ determined that while Plaintiff has severe impairments related to depression and anxiety, he nonetheless had the residual functional capacity to perform work at all exertional levels diminished by an inability to perform occupational activities involving more than simple, routine, one or two-step tasks, and by an inability to perform occupational activities requiring more than occasional contact with co-workers and the general public. Upon this finding and testimony from the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 28-38). After receiving additional evidence submitted by Plaintiff, the Appeals Council denied Plaintiff's request for review. (R. 5-7).

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Commissioner must apply the correct law and demonstrate that he has done so.  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson,

445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

### III.

By his memorandum, the Plaintiff raises a single claim. By this claim, Plaintiff argues that he submitted to the Appeals Council new and material evidence from a treating psychiatrist that was unavailable for review by the ALJ and which strongly supports that he could not work at any job due to his mental condition. He seeks a remand pursuant to sentence six of 42 U.S.C. § 405(g).[2] In response, the Commissioner argues that the report of

---

[2] As noted above, the decision was rendered on May 17, 2005. On January 26, 2006, counsel for Plaintiff forwarded to the Appeals Council a Mental and Physical Residual Functional Capacity ("RFC") Assessment form completed by Dr. Luis Byrne. See (R. 285-92). By this form, the doctor opined that Plaintiff suffered from "major depression, recurrent, psychotic" with symptoms of anxiety, depression, insomnia, impatience, low frustration tolerance, agitation, hypertension and hallucinations. Plaintiff had marked limitations in all

6

Dr Byrne is a summary submission unsupported by any treatment notes or objective testing and it relates to an unspecified period of time.  The Commissioner urges that the Plaintiff cannot satisfy the standard for remand under sentence six because the evidence is cumulative and immaterial and there is no good cause for having submitted it eight months after the ALJ's decision.

After the parties submitted the above pleadings, the Eleventh Circuit had occasion to reconsider its prior decisions addressing the review of "new evidence."  In Ingram v. Comm'r of Soc. Sec. Admin., No. 06-14602, __ F.3d __, 2007 WL 2385076 (11th Cir. Aug. 23, 2007), the Court identified the primary issue as whether the district court must consider evidence first presented to the Appeals Council when, pursuant to 42 U.S.C. § 405(g), it decides whether to affirm, modify, or reverse an order of the Commissioner denying benefits.  In answering the question in the affirmative, the court acknowledged that its recent decisions had created confusion and it set about to clarify the appropriate review under both sentence four and sentence six of § 405(g). Among other things, the Court considered whether a federal court could review and remand, under *sentence four* of § 405(g), a complaint that the Appeals Council erroneously denied review after considering new and material evidence, and whether a federal court could review and remand the same under *sentence six* of § 405(g). See Ingram 2007 WL 2385076, *10-13.  The Court answered the first question in the affirmative, holding that the "final decision" in those circumstances included the denial of the Appeals Council as well as the decision of the ALJ and was reviewed for substantial evidence

---

areas of the mental RFC assessment and he was unable to work at any job.  As correspondence to the Appeals Council suggests, the delay in getting this report to the Appeals Council was attributable to the delay in getting Plaintiff an appointment.

on the record as a whole.³  Id. at *1.  The Court answered the second question in the negative, holding that:

> Sentence six allows the district court to remand to the Commissioner to consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously submitted to the Appeals Council.  Because evidence properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand.⁴

Ingram, 2007 WL 2385076, *13.  Stated otherwise, "[s]entence six of section 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court . . . ."  Id. at *11.

On September 25, 2007, the court held oral arguments to address the import of this decision on the issue raised by Plaintiff on appeal.  In particular, the court sought guidance as to whether Plaintiff sufficiently challenged the decision of the Appeals Council to deny

---

³In resolving the issue, the Court noted that the settled law of the circuit is that a court may review, under sentence four of § 405(g), a denial of review of the Appeals Council.  In so doing, the Court found it necessary to clarify dicta in Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064 (11th Cir. 1994) and Falge v. Apfel, 150 F.3d 1320 (11th Cir. 1998), noting that neither one addressed the issue presently before it.  Thus, the Court explained that it understood "Keeton to hold that a decision of the Appeals Council to deny review after refusing to consider new evidence is a part of the 'final decision' of the Commissioner subject to judicial review under sentence four of 405(g)," and it understood "Falge to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council."  Ingram, 2007 WL 2385076, *9-10.

⁴The Court acknowledged significant inconsistencies between its prior precedents and Vega v. Comm's of Soc. Sec., 265 F.3d 1214 (11th Cir. 2001).  See Ingram, 2007 WL 2385076, *12-13.

review,[5] and, if he did, how denial in this case should be reviewed. The arguments were marginally helpful. Plaintiff urges that the matter is properly before the court factually and legally despite the sentence six argument set forth in the brief. While the parties agree that the standard of review under Ingram is substantial evidence, Plaintiff urged that the review is also subject to the applicable standards, such as the standard applicable to evidence from treating doctors. Thus, in Plaintiff's view, the issue has been adequately raised and a remand is required to determine whether this treating doctor standard was appropriately applied.[6] The Commissioner contends that this court's review is for substantial evidence; he does not dispute that the Appeals Council is subject to the same legal standards as is the ALJ.

     Here, Plaintiff is not entitled to relief under sentence six of § 405(g). The evidence Plaintiff first submitted to the Appeals Council fails to meet the criteria for a sentence six remand because it is not new evidence that the Commissioner failed to incorporate into the record.[7] As such, remand under sentence six is inappropriate. See Ingram, 2007 WL 2385076, *13. However, after careful consideration, I conclude that Plaintiff is entitled to remand under sentence four of § 405(g). First, while I recognize that Plaintiff argues the

---

[5]Although Plaintiff did not brief this issue, he asserted in his petition for review that "[t]he Appeals Council failed to properly consider new material evidence regarding Plaintiff's mental impairment." (Doc. 1, ¶ 9C).

[6]By this argument, Dr. Byrne was a "treating physician"and thus his opinion was entitled to controlling weight absent a showing of good cause to the contrary. The basis for Plaintiff's claim that Dr. Byrne is a treating physician is the doctor's notation describing his treatment of Plaintiff as "psychiatric outpatient care monthly" with medication. (R. 286).

[7]The Appeals Council did not discuss the new evidence submitted by Plaintiff, but it incorporated it into the administrative record. See (R. 5, 10). In doing so, it stated that, "[i]n looking at your case, we considered the reasons you disagree with the decision in the material listed on the enclosed Order of Appeals Council," and the Order identified the "Mental and Physical Functional Capacity Assessment forms completed by Dr. Luis Byrne." Id.

matter under sentence six only and did not brief this issue, i.e., whether the Appeals Council failed to properly consider new material evidence regarding Plaintiff's mental impairment, the issue is raised in his Petition. See (Doc. 1, ¶¶ 7, 9C). Given that Plaintiff did not have the benefit of Ingram prior to filing his memorandum, the misleading dicta in Falge and Keeton, the inconsistencies in Vega, and the fact that Plaintiff challenged the Appeals Council's denial by way of his petition, I find the matter fairly before the court.

In the language of Ingram, the issue presented is "whether the Appeals Council correctly decided that the 'administrative law judge's action, findings, or conclusion is [not] contrary to the weight of the evidence currently of record.'" See Ingram, 2007 WL 2385076, *11 (quoting 20 C.F.R. § 404.970(b)). In my view, that determination cannot be made on the instant record. As indicated above, the Appeals Council did not address the weight it gave to the new evidence or the fact it was from a treating doctor. Without such, it is impossible to determine whether the Commissioner's findings are supported by substantial evidence. See Epps v. Harris, 624 F.2d 1267, 1273 (5th Cir. 1980)[8] (finding substantial evidence lacking where Appeals Council failed to address post-hearing evidence of disability from claimant's doctor and remanding for a determination of disability reached on the total record); see also Bowen v. Heckler, 748 F.2d 629, 635-36 (11th Cir. 1984) ("the Appeals Council did not adequately evaluate the additional evidence . . . We have previously been unable to hold that the [Commissioner's] findings were supported by substantial evidence under circumstances such as these.") (citing Epps, 624 F.2d at 1272-73). Accordingly, this case is remanded to the

---

[8]In Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Appeals Council for further consideration of the new evidence in light of <u>Ingram</u>.  In the event the decision is again made to deny benefits, such decision shall reflect that it was made consistent with applicable legal standards.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards.  The decision is reversed and remanded for further proceedings before the Commissioner consistent with this Order.  Accordingly, the Clerk is directed to enter Judgment in favor of the Plaintiff and to close the file, and the matter of fees and costs shall be addressed upon further pleadings.

**Done and Ordered** at Tampa, Florida, this 28th day of September 2007.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record